```
                                    ┌──────────────────────────────────┐
                                    │ ✗ FILED        ___ LODGED         │
                                    │ ___ RECEIVED   ___ COPY           │
                                    │                                   │
                                    │        JUL 1 8 2008               │
                                    │                                   │
                                    │   CLERK U S DISTRICT COURT        │
                                    │      DISTRICT OF ARIZONA          │
                                    │ BY_____ DEPUTY        │
                                    └──────────────────────────────────┘
```

1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment and Natural Resources Division
   PATRICIA L. HURST
3  Trial Attorney
   Environmental Enforcement Section
4  Environment and Natural Resources Division
   United States Department of Justice
5  P.O. Box 7611
   Ben Franklin Station
6  Washington, D.C. 20044-7611
   Telephone: (202) 307-1242
7

8  Attorneys for Plaintiff United States of America

9

10              IN THE UNITED STATES DISTRICT COURT
11                 FOR THE DISTRICT OF ARIZONA
                        PHOENIX DIVISION
12

13

14  UNITED STATES OF AMERICA,          )
                                       )   CIVIL ACTION NO. CV08-940
15             Plaintiff,              )                    PHX-NVW
                                       )   _____
16                                     )   STIPULATION AND ORDER
          v.                           )
17                                     )
    MOTOROLA INC.;                     )
18  SMI HOLDING LLC d/b/a SIEMENS      )
    CORPORATION; and                   )
19  SMITH KLINE BEECHAM               )
    CORPORATION d/b/a                  )
20  GLAXOSMITHKLINE,                   )
                                       )
21             Defendants.             )

22

23

24      Whereas, Plaintiff United States of America, on behalf of the United States

25  Environmental Protection Agency ("EPA"), has filed a complaint in this action

26  ("Complaint") concurrently with this Stipulation and Order, against Defendants Motorola

1    Inc., Siemens Corporation and GlaxoSmithKline ("Defendants"), seeking penalties

2    pursuant to Sections 122(l) and 109(c) of the Comprehensive Environmental Response,

3    Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9622(l), 9609(c), for alleged

4    violation of the terms of a consent decree entered by this Court on June 6, 2003, in the

5    matter entitled *United States of America, et al., v. Motorola Inc., et al.*, Civil No. CV 91-

6    1835-PHX-FJM.

7       Whereas, Defendants do not admit any issue of law or fact and deny liability to the

8    United States arising out of the transactions or occurrences alleged in the Complaint.

9       Whereas, the United States and the Defendants (the "Parties") agree that settlement

10    of the United States' claims against Defendants, without further litigation, is in the public

11    interest.

12       Whereas, the Parties further agree that the Court's approval of this Stipulation and

13    Order ("Stipulation") is an appropriate means of resolving the claims in this action.

14       Now Therefore, before the taking of any testimony, without adjudication or

15    admission of any issue of fact or law, except as provided in Paragraph 1, below, and with

16    the consent of the Parties, It Is Hereby Adjudged, Ordered and Decreed as follows:

17       1. This Court has jurisdiction over the parties to, and the subject matter of,

18    this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Section 109(c) of CERCLA,

19    42 U.S.C. § 9609(c). Venue is proper in this district pursuant to 42 U.S.C. §§ 9609(c) and

20    28 U.S.C. § 1391(b) and (c) because at least one Defendant resides and has its principal

21    place of business within this district and because the claims arose, and the alleged

22    violations occurred, within this district. Defendants waive any and all objections they may

23    have to the Court's jurisdiction, waive service of process in accordance with the

24    requirements set forth in the Federal Rules of Civil Procedure, and, for purposes of this

25    Stipulation and Order, submit to the Court's jurisdiction.

26       2. Defendants collectively shall pay, within 30 days of the date this

Stipulation and Order is entered by the Court, a civil penalty to the United States in the amount of $500,000.00, plus an additional sum for Interest on that amount calculated from the date on which this Stipulation and Order is entered by the Court through the date of civil penalty payment.  This obligation is joint and several.  "Interest" shall mean interest at the statutory judgment rate established by 28 U.S.C. § 1961.  The applicable rate of interest shall be the rate in effect at the time the interest accrues.

           3.  The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures, referencing DOJ Case No. 90-11-2-413/7.  The payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Arizona.  Any EFTs received at the DOJ lockbox bank after 4:00 p.m. Eastern Time will be credited on the next business day.  Within five business days of payment, Defendants shall provide written notice of payment and a copy of any transmittal documentation to DOJ, EPA, and the U.S. Attorney's Office at the addresses below.

As to DOJ:
                                 Chief, Environmental Enforcement Section
                                 Environment and Natural Resources Division
                                 U.S. Department of Justice
                                 P.O. Box 7611
                                 Washington, D.C.  20044-7611
                                 Re: DJ No. 90-11-2-413/7

As to EPA:
                                 Jamey Watt
                                 U.S. Environmental Protection Agency
                                 Region IX
                                 75 Hawthorne Street
                                 San Francisco, CA 94105

As to the U.S. Attorney's Office:     Ronald Gallegos
                                      Chief, Civil Section
                                      U.S. Attorney, District of Arizona
                                      Two Renaissance Square
                                      40 N. Central Avenue, Suite 1200
                                      Phoenix, AZ 85004-4408

4.  If the civil penalty is not fully paid when due, Defendants shall pay a stipulated penalty of $1000 per day for each day that the payment is delayed beyond the due date.  Interest shall continue to accrue on the unpaid balance.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States.  Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Defendants of the violation, or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

5.  Defendants shall not deduct any penalties or stipulated penalties paid under this Stipulation in calculating its federal income tax.

6.  The payment by Defendants under this Stipulation shall constitute full settlement and satisfaction of the claims asserted by the United States in the above-captioned action, as alleged in the Complaint.

7.  This Stipulation is not and shall not be deemed an admission by Defendants of violation of any statute or law or wrongdoing of any kind, and Defendants expressly deny any violation or wrongdoing.  Further, this Stipulation is not and shall not be deemed an admission or finding that any claims by any party against the other, which

-4-

has been raised or might be raised, are or would be in any way valid or meritorious. The

Parties acknowledge that this Stipulation is a compromise of disputed claims.

8. The United States reserves, and this Stipulation is without prejudice to, all

rights against Defendants with respect to all other matters not asserted by the United States

in the Complaint, including, but not limited to, any criminal liability.

9. Nothing in this Stipulation shall be construed to release Defendants or

their agents, successors, or assigns from their respective obligations to comply with the

Consent Decree, or any applicable Federal, State, or local law, regulation, or permit.

Nothing contained herein shall be construed to prevent or limit the United States' rights to

seek penalties or injunctive relief for any violations of CERCLA other than those expressly

alleged in the Complaint.

10. This Stipulation shall constitute an enforceable judgment for purposes of

post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil

Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other

applicable authority. The United States shall be deemed a judgment creditor for purposes

of collection of any unpaid amounts of the civil and stipulated penalties and interest.

Further, Defendants shall be liable for attorneys' fees and costs incurred by the United

States to collect any amounts due under this Stipulation.

11. After receipt of the full settlement amount to be paid by the Defendants,

the United States and the Defendants shall execute and file with the Court a stipulation of

dismissal with prejudice.  The United States' Complaint in this action shall be dismissed only upon payment of the entire settlement amount and any other monies due in accordance with this Stipulation.

      12.  Each party shall bear its own costs and attorneys' fees in this matter, except as provided in paragraph 10, above.

      13.  The undersigned representative of Defendants and the Assistant Attorney General of the Environment and Natural Resources Division or his or her designee each certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Defendants and the United States, respectively, to it.

So Ordered this ___18th___ day of ___July___, 2008.

_____
United States District Judge
District of Arizona

For Plaintiff The United States of America:

_9 May 2008_
Date

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice
Washington, D.C.  20530

_5/19/08_
Date

PATRICIA L.  HURST
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC.  20044-7611
patricia.hurst@usdoj.gov
202-307-1242 (voice)
202-514-2583 (fax)

-8-

May 15, 2008
_____
Date

_Keith Taka_
KEITH TAKATA
Director, Superfund Division
U.S. EPA Region 9

May 14, 2008
_____
Date

_Michele Benson_
MICHELE BENSON
Office of Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street
San Francisco, CA 94105

-9-

1

2

For Defendant Motorola Inc.:

3   _May 6, 2008_____          _Jodi Shapiro_____
    Date                                   [INSERT NAME]
4
                                           Jodi Shapiro
5                                          Vice President, Environmental, Health
                                                           and Safety
6                                          Motorola Inc.
                                           1303 E. Algonqin Road
7   For Defendant Siemens Corporation:     Schamburg, IL 60196

8

9

10  _____        _____
    Date                                   GARY A. JONES
11                                          President
                                           SMI Holding LLC
12                                          170 Wood Ave. South
                                           Iselin, NJ 08830
13

14

15  For Defendant GlaxoSmithKline:

16

17

18  _____        _____
    Date                                   [INSERT NAME]
19

20

21

22

23

24

25

26

For Defendant Motorola Inc.:

1
2  _____          _____
3  Date                                  [INSERT NAME]
4
5
6  For Defendant SMI Holding LLC:
7
8  _____5/5/08_____            _Gary A. Jones_____
9  Date                                  GARY A. JONES
10                                                    President SMI
11 Holding LLC 170 Wood Ave. South
   Iselin, NJ 08830
12
13
   For Defendant GlaxoSmithKline:
14
15
16 _____          _____
   Date                                  [INSERT NAME]
17
18
19
20
21
22
23
24
25
26

1  For Defendant Motorola Inc.:

2

3  _____        _____

4  Date                             [INSERT NAME]

5

6

7  For Defendant Siemens Corporation:

8

9

10  _____       _____
   Date                            GARY A. JONES

11                                 President
                                   SMI Holding LLC

12                                 170 Wood Ave. South
                                   Iselin, NJ 08830

13

14

15  For Defendant GlaxoSmithKline:

16
                                   *Carol G Ashe*
17  May 12, 2008                    _____
   Date                            [INSERT NAME]

18                                     Carol G. Ashe

19                                     Vice President and Secretary

20

21

22

23

24

25

26

-10-